# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| ANDRE PIERRE EDNEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 5:07-CV-183 |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## O R D E R

The above-entitled and numbered civil action was referred to United States Magistrate Judge Earl S. Hines pursuant to 28 U.S.C. § 636. Dkt. No. 75. The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Dkt. No. 21. Both the Petitioner, Andre Pierre Edney, and the Respondent, Nathaniel Quarterman, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, filed objections to the Report and Recommendation of the Magistrate Judge. Dkt. No. 22 & 24.

In his Report and Recommendation dated November 17, 2008, the Magistrate Judge recommended that Mr. Edney's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed as untimely. Dkt. No. 21. Specifically, the Magistrate Judge found that the petition was filed well after the one-year statute of limitations had passed. *Id.* (citing 28 U.S.C. § 2233). The Magistrate Judge found that the petitioner entered a plea of guilty and was placed on deferred adjudication on August 11, 2000 and that his conviction became final 30 days later on September

11, 2000. *Id.* Mr. Edney, however, did not file the present petition until February 8, 2007, more than six years after his conviction had become final and the one-year statute of limitations had passed. *Id.*

The Respondent objects to the Magistrate Judge's finding in "an abundance of caution to perfect the record for any appeal." Dkt. No. 22 at 2. The Respondent contends that the Petitioner's conviction became final on August 11, 2000, the day he pled guilty and waived his right to appeal. *Id.* at 2-3. Thus, the Respondent claims that the one-year statute of limitations in this case expired on August 11, 2001 rather than September 11, 2001 as the Magistrate Judge found. Conducting a *de novo* review, this Court finds that the Magistrate Judge's finding more closely comports with the language of the statute. *See Moreno v. Director, TDCJ-CID*, 6:07-CV-556, 2008 WL 2225676 at *3-4 (E.D. Tex. 2008). Respondent's objection is thus overruled.

The Petitioner objects to the Magistrate Judge's finding on the ground that his conviction "cannot assumed to be final until adjudication of guilt, which took place on [June 9, 2006]," the day that Petitioner's deferred adjudication was revoked and he was sentenced to a term of eight years imprisonment. Dkt. No. 24 at 2-3. Petitioner contends that the current petition was filed within eight months of that date and is thus timely. *Id.* Conducting a *de novo* review, this Court finds that a state court order placing a defendant on deferred adjudication probation is a final judgment for the purposes of the federal habeas limitations period. *See Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005). Petitioner's objection is thus overruled.

The parties' objections are thus without merit. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court.

Accordingly, it is hereby **ORDERED** that the above-entitled and numbered civil action is hereby **DISMISSED WITH PREJUDICE**.

**SIGNED this 11th day of December, 2008.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE